**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| NATIONSTAR MORTGAGE LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | No.  6:25-CV-00242-LS |
| | § | |
| ISPC, INC. AND RYAN EARLEY, | § | |
| | § | |
| *Defendants.* | § | |

**ORDER DISMISSING CASE**

Today, the Court considered this case, on file since June 9, 2025. On February 13, 2026, the Court ordered Plaintiff Nationstar Mortgage LLC to explain whether it had served Defendants and, if not, why not.[1] Thereafter, on February 19, 2026, Plaintiff entered into a consent order with Defendant United States of America.[2] On February 27, 2026, Plaintiff confirmed that it has not yet properly served Defendants ISPC, Inc. ("ISPC") and Ryan Earley ("Earley").[3] Interestingly, ISPC answered Plaintiff's first complaint (in which ISPC was a named defendant),[4] but Plaintiff removed ISPC as a defendant when it sought and was granted leave[5] to file its amended complaint,[6] the current live pleading on file since October 10, 2025. Plaintiff has never served or attempted to serve defendant Earley, a named defendant since June 2025, either directly or through alternative service. Plaintiff now seeks leave to file yet another complaint to re-add ISPC as a defendant.[7]

---

[1] ECF No. 25.
[2] ECF No. 27.
[3] ECF No. 29.
[4] ECF No. 8.
[5] Text Order Granting Motion to Amend Complaint, October 10, 2025.
[6] ECF No. 20 (filed October 10, 2025).
[7] ECF No. 28.

This case has been a mess from inception in June of 2025 and never launched, even though the Court held a live status conference with Plaintiff's counsel on October 10, 2025, to get it on track.

"If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."[8] However, the court must extend the time for service if the plaintiff can show good cause for its failure.[9] Good cause for failure to timely serve a defendant "requires 'at least as much as would be required to show excusable neglect, as to which simple inadvertence or mistake of counsel or ignorance of the rules usually does not suffice.'"[10] Also, "some showing of good faith on the part of the party seeking an enlargement and some reasonable basis for noncompliance" is required.[11]

Plaintiff offers that it has been unable to locate Mr. Earley[12] but, consistent with the remainder of its pleadings in this lawsuit, Plaintiff supports this contention by citing to a missing and omitted "Exhibit B."[13] Even if true that Plaintiff could not locate Earley, it never sought substituted service within the original 90-day timeframe for service, or ever during the nine-month life of this case. It also fails to explain why it never sought substituted service and never sought a service deadline extension. Accordingly, the claims against Mr. Earley are dismissed under Rule 4(m).

The Court also denies Plaintiff's request to file yet another complaint to re-add ISPC five months after it omitted ISPC from the live pleading. Under Fed. R. Civ. P. 15(a)(2), the court

---

[8] Fed. R. Civ. P. 4(m).

[9] *Id.*

[10] *Gartin v. Par Pharm. Cos., Inc.*, 289 F. App'x 688, 692 (5th Cir. 2008) (quoting *Lambert v. United States*, 44 F.3d 296, 299 (5th Cir. 1995)).

[11] *Id.* (quoting *Lambert*, 44 F.3d at 299).

[12] ECF No. 29 at 2.

[13] *Id*.

should "freely give leave" to a plaintiff to amend its complaint "when justice so requires." But leave to amend a complaint is not automatic.[14] A court may deny leave to amend when there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."[15] Plaintiff filed its First Amended Complaint five months ago and never noticed its error, primarily because Plaintiff has never diligently prosecuted this lawsuit. Accordingly, the Court denies Plaintiff leave to file yet another complaint because of undue delay, Plaintiff's repeated failures to cure its own deficiencies, its general failure to diligently prosecute this lawsuit, and because this Court held a live status conference hearing in October 2025 in an ill-fated attempt to get this lawsuit on track—with no effect.

### Conclusion.

1. Plaintiff's motion to file another amended complaint [ECF No. 28] is **DENIED**.

2. Defendant Ryan Earley, the only remaining defendant named in the live pleading, has never been served and is therefore dismissed for want of service under Rule 4(m). With the only live defendant now dismissed, this lawsuit is **DISMISSED WITHOUT PREJUDICE**, and the Clerk shall **CLOSE THIS CASE**.

**SO ORDERED**.

**SIGNED** and **ENTERED** on March 5, 2026.

**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**

---

[14] *Johnes v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994)).
[15] *Foman v. Davis*, 371 U.S. 178, 182 (1962).